FILED

AUG 06 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMART, et al.,<br><br>                 Plaintiffs,<br><br>vs.<br><br>SONY CORPORATION OF AMERICA, INC., et al.,<br><br>                 Defendants. | CASE NO. 08-CV-2276 W WVG<br><br>**ORDER:**<br><br>1) GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO DISMISS (Doc. No. 27.)<br><br>2) GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM COUNSEL (Doc. No. 38.) |

    Pending now before the Court is Defendants' Sony Corporation of America ("SCA"), Sony Electronics Inc. ("SEI"), and Sony Corporation ("SC", and collectively "Defendants") motion to dismiss Plaintiff Smart, et al.'s (collectively "Plaintiffs'") Consolidated Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b). (Doc. No. 27.) Plaintiffs have opposed the motion. (Doc. No. 28.)

Also pending before the Court is Plaintiffs' motion to consolidate and to appoint counsel. (Doc. No. 38.)

The Court decides the matters on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1). For the reasons stated below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants' motion to dismiss. The Court also **GRANTS** Plaintiffs' motions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are a group of individuals who purchased and used Sony Grand WEGA KDF-E A10 and A20 Series televisions that were manufactured by Defendants and offered for sale beginning in the second half of 2005 ("2005 models"). (*Consolidated Complaint* ("CC") [Doc. 26] at ¶¶ 3, 4, 58.) The televisions were marketed as superior in quality, and Plaintiffs were charged $2,500 or more for them. (Id. at ¶ 55.)

Defendants expressly warranted the televisions for one year, after which point all express and implied warranties were disclaimed. (Doc. No. 27, *Exh. A*.) Approximately one year after purchase, the televisions began to display video anomalies. (CC ¶ 55.) The anomalies, including "bright blue, yellow and green haze, blobs, spots, and stains...." are caused by a defect in the television's video component ("optical block"). (Id. ¶ 56.) The optical block costs approximately $1,500 to replace, including labor. (Id. ¶ 57.) Plaintiffs requested that Defendants repair the optical block, but because the defect does not manifest until after the express warranty expires, Defendants refuse to do so. (Id. ¶¶ 5–49.)

Defendants used the same technology for the optical block in the 2005 models as they did in previous models offered for sale beginning in 2003 ("2003 models"). (Id. ¶ 58.) Defendants became aware of the defect in the 2003 models' optical block and subsequently extended the warranty for those televisions and offered replacement of the component. (Id. ¶ 59.) Even though Defendants were aware that the optical block in

the 2005 models used the same defective technology as that in the 2003 models, they did not take similar measures to correct the problem in the 2005 models. (Id. ¶ 59.)

On August 14, 2009, Plaintiffs filed a Consolidated Complaint alleging eight causes of action against Defendants. (Id.) In short, Plaintiffs allege that Defendants knew about the defect in the optical block at the time the televisions were sold, making the televisions defective upon delivery.

The causes of action, in the order pled, are: (1) Unlawful and Unfair Business Acts and Practices in Violation of Cal. Bus. & Prof. Code §17200, et seq., (2) Untrue and Misleading Advertising in Violation of Cal. Bus. & Prof. Code §17500, et seq., (3) Unlawful Practice in Sale of Consumer Goods in Violation of CA Consumers Legal Remedies Act, Cal. Civ. Code §1750, et seq., (4) Unfair and Deceptive Acts and Practices Under the Various State Laws in Which Class Members Reside, (5) Violation of the Song-Beverly Consumer Warranty Act, (6) Violation of Magnuson-Moss Act, (7) Breach of Express Warranty, and (8) Breach of Implied Warranty. (Id. at 28–60.)

In response, Defendants filed the instant motion to dismiss. (Doc. No. 27.) Plaintiffs opposed the motion (Doc. No. 28) and Defendants subsequently replied. (Doc. No. 29.)

The case was then stayed, pending the outcome of a referral to the Judicial Panel on Multidistrict Litigation ("JPMDL"). (Doc. Nos. 32, 37.)

After the stay was lifted, Plaintiffs filed a motion to consolidate and to appoint counsel. (Doc. No. 38.) Defendants then filed a response to that motion. (Doc. No. 39.)

Subsequently, the parties filed a joint motion to strike three paragraphs—regarding confidential sources at Sony—from the Consolidated Complaint, which the Court granted. (Doc. Nos. 40, 41.)

Most recently, on July 1, 2010, Defendants filed an *ex parte* motion seeking to file supplemental briefing in support of their motion to dismiss. (Doc. No. 42.) This Court granted the joint motion and received briefing from both parties. (Doc. Nos. 44–47.)

The supplemental briefing was helpful. The Court is now aware that Plaintiffs' counsel was ordered by a judge in the United States District Court for the Southern District of New York to explain why representations they made to the court regarding 'confidential sources' at Sony did not violate Rule 11. (Doc. No. 42, *Exh. 3*.) At a minimum, the Court understands why Plaintiffs agreed to strike the confidential source allegations from the present case.

In any event, the Court is now prepared to rule on all of the pending motions.

## II. DISCUSSION

As a preliminary matter, the Court notes that Defendants have made multiple requests for this Court to take judicial notice of various documents. Plaintiffs have not opposed these requests. As such, and good cause appearing, Defendants requests are **GRANTED**. The Court hereby takes judicial notice of the documents provided pursuant to Federal Rule of Evidence 201.[1]

It is also worth noting that this is the *third* complaint to be filed in this case. However, based on various consolidations and amendments, this is the *first* time this

---

[1] Specifically, the Court takes judicial notice of: Sony Electronic Inc's Limited Warranty Statement for the Sony Grand WEGA KDF-E A10 and A20 Series LCD Rear Projection HDTV Televisions (Doc. No. 27, Exh A); the Second Amended Complaint in the action entitled <u>Meserole v. Sony Corp. of America, Inc., et al.</u>, United States District Court, Southern District of New York (Doc. No. 27, Exh. B); the Complaint in the action entitled <u>Omerod, et al. v. Sony Electronics, Inc., et al.</u>, Superior Court of California, County of San Diego (Doc. No. 27, Exh. C); the First Amended Complaint in <u>Meserole v. Sony Corp. of America, Inc., et al.</u>, United States District Court, Southern District of New York (Doc. No. 42, Exh. 1); the Second Amended Complaint in <u>Meserole v. Sony Corp. of America, Inc., et al.</u>, United States District Court, Southern District of New York (Doc. No. 42, Exh. 2.); the Order to Show Cause in <u>In Re: Sony Corp. SXRD Rear Projection Television Marketing, Sales Practices & Products Liability Litigation</u>, United States District Court, Southern District of New York (Doc. No. 42, Exh. 3.); and Plaintiffs' counsel's Response to the Order to Show Cause in <u>In Re: Sony Corp. SXRD Rear Projection Television Marketing, Sales Practices & Products Liability Litigation</u>, United States District Court, Southern District of New York (Doc. No. 42, Exh. 4.).

Court has addressed the merits of any pleading. Additionally, the parties seem to agree that the factual support for the allegations in the Consolidated Complaint has changed since the filing of the motion to dismiss. As a result, Plaintiffs have re-asserted their request for leave to amend. (Doc. No. 47.) The proposed amendment would contain new allegations regarding Defendants' knowledge of the alleged defect, including disclosures made by Sony engineers in various filings with the United States Patent Office. (Id. at 2.)

With these developments in mind, the Court will address the pending motions.

A. **Defendants' Motion to Dismiss Plaintiffs' Claims For Injunctive Relief for A Lack of Subject Matter Jurisdiction**

Defendants have moved to dismiss Plaintiffs' claims for injunctive relief for a lack of subject matter jurisdiction. Specifically, Defendants assert that because 2005 models are no longer manufactured, sold, or marketed, Plaintiffs have not presented a likelihood of future injury. Without this threat of future injury, Plaintiffs lack standing to assert a request for injunctive relief. (MTD [Doc. 27-2] at 7.)

1. **Legal Standard**

Rule 12(b)(1) provides that a court may dismiss a claim for "lack of jurisdiction over the subject matter[.]" FED. R. CIV. P. 12(b)(1). Although the Defendants are the moving party in the motion to dismiss, the Plaintiffs are the party invoking the court's jurisdiction. Therefore, Plaintiffs bear the burden of proof on the necessary jurisdictional facts. McCauley v. Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001).

"Standing pertains to a federal court's subject-matter jurisdiction under Article III, and thus, is properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." In re Ditropan XL Antitrust Litig., No. M:06-CV-01761-JSW, 2007 WL 2978329, at *1 (N.D. Cal. Oct. 11, 2007) (granting Rule 12(b)(1) motion to dismiss for lack of standing) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000));

Cattie v. Wal-Mart Stores, Inc., 504 F. Supp. 2d 939, 942-44 (S.D. Cal. 2007) (addressing standing under Rule 12(b)(1)).

Standing is determined based on the situation of the parties at the "commencement of the litigation" and the plaintiff bears the burden of persuading the court that forced compliance is necessary to prevent the defendant from committing further harm. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 189–90 (2000). Therefore, in order to warrant a claim to equitable relief, a plaintiff must be able to demonstrate likelihood of injury. Hodgers-Durgin v. De La Vina, 199 F.3d 1037, 1044 (9th Cir. 1999) (refusing to enjoin defendants in a claim based upon past injuries that were not likely to occur again); Davis v. Homecomings Fin., No. C05-1466RSL, 2007 WL 1600809, at *2 (W.D. Wash. June 1, 2007) (finding plaintiff's past injuries precluded them from seeking equitable relief, but did not bar damage claims).

### 2. Some of Plaintiffs' Requests for Injunctive Relief Are Dismissed

Defendants have identified five claims for injunctive relief in the CC which they believe are not sustainable. (MTD at 7:9–10; citing CC ¶¶ 79(k), 83, 91, 95, 104.) Defendants rely on the argument that the alleged injuries to the plaintiffs occurred in the past and relate to products that are no longer manufactured or sold. (MTD at 8.)

In support of their contention, Defendants cite to Janda v. T-Mobile, USA, Inc., Case No. 05-03729 JSW 2008 WL 4847116, at *4 (N.D. Cal. Nov. 7, 2008); Strickrath v. Globalstar, Inc., 527 F. Supp. 2d 992, 997 (N.D. Cal. 2007); Meinhold v. Sprint Spectrum, L.P., No. Civ. S-07-0456 FCD EFB 2007 WL 1456141, at *5 (E.D. Cal. May 16, 2007); and Deitz v. Comcast Corp., No. C 06-06352 WHA 2006 WL 3782902, at *3–4 (N.D. Cal. Dec. 21, 2006). (MTD at 8.) Through these cases, Defendants show that courts have dismissed claims for injunctive relief under the California Unfair Competition Law ("UCL"), California False Advertising Law ("FAL"), and Consumer Legal Remedies Act ("CLRA") where the plaintiff's injuries occurred in the past and were not presently occurring, nor likely to reoccur in the future. (Id.) Defendants

point out that their 12(b)(1) motion is a factual challenge, which places the burden on Plaintiffs to produce "evidence necessary to satisfy [their] burden of establishing subject matter jurisdiction." Cattie, 504 F. Supp. 2d at 943 (internal citation omitted).

In opposition, Plaintiffs concede that they must show a danger of future harm, but argue that their pleadings meet this requirement. (*Opp.* [Doc. No. 28] at 14.) Plaintiffs further argue that the cases cited by Defendants are inapplicable because each case involved conduct that was not ongoing. (*Plfs' Opp.* [Doc. 28] at 14.) Plaintiffs have not, however, presented evidence showing that their injury was ongoing or likely to occur in the future. See Savage v. Glendale Union High Sch. Dist. No. 205, 343 F. 3d 1036, 1040 (9th Cir. 2003) (citing St. Clair, 880 F.2d at 201). Nor have Plaintiffs addressed each of the specific claims for injunctive relief that were identified by the Defendants. Nonetheless, the Court will address each challenged claim.

The relevant section of Paragraph 91, which is part of the first cause of action, seeks "an order of this Court enjoining Sony from withholding information regarding the Defect its Televisions possess." (CC ¶ 91.) Defendants contend there is no need to order Defendants to disclose information about the televisions because Plaintiffs, by bringing this claim, already know about the alleged defect. (*Reply* [Doc. 29] at 2.) Although it tends to agree, the Court does not see the utility in dismissing the request. At its core, Paragraph 91 does seek information in order to avoid future harm to the Plaintiffs, the other class members, and the general public. (CC ¶ 91.)

Paragraph 95 seeks, in part, injunctive relief as a consequence of untrue and misleading advertising in violation of California Business & Professions Code Section 17500 ("FAL"). (CC ¶ 95.) Specifically, Plaintiffs allege that Defendants used advertising to misrepresent the quality of their televisions and that these advertisements induced Plaintiffs to purchase defective televisions that did not conform to the advertisements. (CC ¶¶ 92–95.)

Having reviewed the case law provided, the Court does not believe Plaintiffs have standing to pursue this injunctive request. Plaintiffs' relationship with Defendants was

presumably to last from the point of sale to the expiration of the express warranty. Thus, by the time the defect manifested, Plaintiffs were no longer customers of the Defendants, just like the plaintiffs in <u>Deitz</u>, <u>Janda</u> and <u>Strickrath</u>.

Therefore, Plaintiffs are no longer subject to ongoing or prospective harm that would warrant an injunction under a FAL claim. By Plaintiffs' own admission, Defendants no longer market, manufacture, nor sell, the allegedly defective televisions. (CC ¶ 4.) The chances that Defendants will disseminate false representations, in order to induce customers to purchase a television they have not produced in several years, are not high. Accordingly, the Court finds Plaintiffs do not have standing and will dismiss the injunctive request contained within Paragraph 95.

Plaintiffs fourth cause of action alleges that Defendants failed to disclose that the televisions were defective at the point of sale, failed to disclose the true nature of the televisions' quality, made misrepresentations about the quality of the televisions in marketing materials, and advertised the televisions as being high quality with the intent to sell them. (CC ¶¶ 96–104.) Paragraph 104 seeks, in part, injunctive relief as a consequence of these actions. (CC ¶ 104.)

As mentioned above, because the parties agree that Defendants no longer market the televisions in controversy, Plaintiffs are unlikely to be harmed by statements or advertisements made by the Defendants. An injunction ordering Defendants to stop a practice it has already stopped is unnecessary and improper under the requirements for standing.

In sum, the Court **GRANTS** Defendants motion to dismiss the injunctive requests contained within Paragraphs 95 and 104 **WITH LEAVE TO AMEND**. The Court **DENIES** Defendants request in regards to Paragraph 91. As a result, the Court finds it unnecessary to discuss Paragraphs 79(k) and 83, and **DENIES** the motion in regards to those general claims.

## B. Defendants' Motion to Dismiss Plaintiffs' Claims For Failure To State A Claim Upon Which Relief Can Be Granted

Defendants have also moved to dismiss all eight of Plaintiffs' causes of action for a failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and Rule 9(b). (MTD at 9.)

### 1. Legal Standard

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. Id. The court must assume the truth of all factual allegations and must "construe them in the light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court explained, "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Complaints alleging fraud must meet the pleading requirements of Federal Rule of Civil Procedure 9(b), which provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Rule 9(b) thus imposes two separate requirements on complaints alleging

fraud. First, a plaintiff must specifically identify the allegedly fraudulent statements or acts of fraud. Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). This requires the plaintiff to plead evidentiary facts including the dates, times, places and person associated with each misrepresentation or act of fraud. In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548-49 n.7 (9th Cir. 1994) (en banc)(superseded by statute on other grounds); Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).

Second, where the act of fraud is based on a misrepresentation, the plaintiff must demonstrate that the statement was false or misleading *at the time it was made*. GlenFed, 42 F.3d at 1549. As the Ninth Circuit explained, "often there is no reason to assume that what was true at the moment plaintiff discovers was also true at the moment of the alleged misrepresentation, and that therefore simply because the alleged misrepresentation conflicts with the current state of facts, the charged statement must have been false." Id. at 1549. For this reason, "a plaintiff must set forth, as part of the circumstances constituting fraud, an explanation as to why the disputed statement was untrue or misleading *when made*, [which] can be done most directly by pointing to inconsistent contemporaneous statements or information ... which were made by or available to the defendants." Id. at 1549.

**2. Plaintiffs' First, Second, and Third Causes of Action - UCL, FAL, CLRA**

Defendants have moved to dismiss Plaintiffs' UCL, FAL, and CLRA claims because: (1) the defect in the televisions did not manifest itself until after the expiration of the warranty period, (2) because Plaintiffs have failed to identify the specific advertisements at issue, (3) because the CLRA claim was not supported by the statutorily required affidavits, and (4) because the allegations of fraud and misrepresentation fail to satisfy Rule 9(b)'s heightened pleading requirements. (*MTD* at 7–18.)

As mentioned above, the allegations that support these claims have been altered. The confidential source allegations were stricken from the Consolidated Complaint

based upon a joint motion. (Doc. No. 41.) Plaintiffs also seem to acknowledge that their pleadings are not sufficiently specific and have offered to amend. (Doc. No. 47 at 2.) The proposed amendment would contain detailed allegations regarding what Defendants knew and when they knew it. (Id.)

In light of these changed circumstances, and because the Court is inclined to grant leave to amend, the Court will quickly address the first three causes of action.

### a. *Plaintiffs' First Cause of Action - Cal. Bus. & Prof. Code § 17200*

Plaintiffs' first cause of action alleges that Defendants committed unlawful and unfair business acts and practices in violation of California Business and Professions Code Section 17200 by selling televisions that Defendants knew were defective. (CC ¶¶ 84–91.)

Because this allegation involves what Defendants knew prior to selling the defective televisions, and because Plaintiffs have conceded that their allegations could be more specific in regards to this knowledge, the Court will **GRANT** the motion to dismiss the first cause of action, with leave to amend.

### b. *Plaintiffs' Second Cause of Action - Cal. Bus. & Prof. Code § 17500*

Plaintiffs' second cause of action alleges that Defendants committed unlawful and unfair business acts and practices in violation of California Business and Professions Code Section 17500 by misrepresenting the quality of their televisions in their advertisements. (CC ¶¶ 92–95.)

Because this allegation involves what Defendants knew prior to selling the defective televisions—when they would have been creating the associated advertisements—and because Plaintiffs have conceded that their allegations could be more specific, the Court will **GRANT** the motion to dismiss the second cause of action, with leave to amend.

   c. *Plaintiffs' Third Cause of Action - Cal. Civ. Code § 1750 (CLRA)*

  Plaintiffs' third cause of action alleges that Defendants violated several provisions of the Consumer Legal Remedies Act (CLRA). (CC ¶¶ 96–104.)

  California Civil Code Section 1780(d) mandates that a plaintiff seeking relief under the CLRA file "an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action." CAL. CIV. CODE § 1780(d) "If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon motion of any party, dismiss the action without prejudice." Id.

  In opposition, Plaintiffs admit that they failed to originally provide the required affidavit with their CLRA claim. (*Opp.* at 7.) As such, the Court **GRANTS** Defendants' motion to dismiss the third cause of action, with leave to amend.[2]

### 3.  Plaintiffs' Fourth Cause of Action - Various State Laws

  As an alternative to the first and second causes of action, Plaintiffs list the various unfair business laws of forty states and allege Defendants have violated each one of them, in the event "the Court eventually determines that the laws of a consumers' residence – and not those of the state of California – apply." (CC ¶¶ 105–155.)

  Because the Court has dismissed the first and second causes of action, the Court will also **GRANT** Defendants' motion to dismiss the fourth cause of action, with leave to amend.

  Should Plaintiffs' amend, the parties should be aware that the Court is not inclined to conduct a choice of law analysis at the pleading stage. See Barth v. Firestone Tire and Rubber Co., 661 F. Supp. at 203 ("[C]ourts also generally consider only the claims of a named plaintiff in ruling on a motion to dismiss a class action complaint prior to class certification.")

---

[2] Because the Court has dismissed Plaintiffs' UCL, FAL, and CLRA claims, it is unnecessary to discuss whether these claims can be asserted against Defendants Sony Corporation of America, Inc. and Sony Corporation. (*See MTD* at 23–25.)

### 4. Plaintiffs' Fifth Cause of Action - Song Beverly Consumer Warranty Act

Plaintiffs allege that Defendants breached the implied warranty of merchantability under Section §§ 1791.1, 1792, and 1792.1 of the Song-Beverly Consumer Warranty Act by selling televisions that contained a latent defect. (CC ¶¶ 156–161.) Plaintiffs further claim that Defendants violated Sections 1793.2(a)(3) and 1793.2(b) of the Song-Beverly Act by failing to repair or replace the defective televisions within thirty days. (Id.)

Defendants cite to <u>Anunziato v. eMachines, Inc.</u>, 402 F. Supp. 2d 1133, 1142 (C.D. Cal. 2005), to illustrate that the provisions of the Song-Beverly Act only apply to California retail transactions. (MTD at 22.) Defendants further argue that only one of the named class members lives in California, and Plaintiffs did not plead that he or any one else purchased their television within California. (Id.)

Plaintiffs respond by stating, for the first time, that "it is alleged that countless members of the Class purchased the Televisions in California on Sony's sonystyle.com website." (*Opp.* at 2.) In reply, Defendants argue that this contention fails to meet the requirements of the Song-Beverly Act. (*Reply* at 9.) The Court agrees.

The Song-Beverly Act is a California statute, restricted to actions involving "consumer goods that are sold at retail *in this state*." CAL. CIV. CODE § 1792 (Deering 2009) (emphasis added). Courts have routinely dismissed Song-Beverly Act claims against manufacturers where none of the named class members could plead that they purchased the goods "at retail" in California. See, e.g. <u>In re NVIDIA GPU Litigation</u>, No. C 08-04312 JW, 2009 WL 4020104, at *5 ( N.D. Cal. Nov. 19, 2009) (dismissing Song-Beverly Act claim because it was not restricted to class members who purchased the disputed goods in California); <u>Morgan v. Harmonix Music Systems, Inc.</u>, No. C08-5211 BZ, 2009 WL 2031765, at *2 (N.D. Cal. July 7, 2009) (dismissing Song-Beverly Act claim because of plaintiffs' failure to identify where and from whom they purchased the disputed goods); <u>Anunziato</u>, 402 F. Supp. 2d at 1142 (dismissing Song-Beverly Act claim because class representative purchased the disputed goods outside of California).

Plaintiffs do not assert where any of the named class members purchased his or her television, so Plaintiffs necessarily fail to plead the California "at retail" requirement. The Court also believes that a vague assertion that "countless" unnamed class members purchased televisions in California through Defendants' website is not sufficient.[3]

Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' fifth cause of action, with leave to amend.

### 5. Plaintiffs' Seventh Cause of Action - Breach of Express Warranty

Plaintiffs allege that Defendants expressly warranted that the televisions were not inherently defective. (CC ¶¶ 167–176.) Plaintiffs further allege that Defendants breached the warranty at the point of sale, in spite of the fact that the defect did not manifest until after expiration of the warranty period. (Id.)

The warranty actually states that Defendants warrant the televisions "against defects in material or workmanship as follows: 2. PARTS: [] Sony will supply, at no charge, new or rebuilt replacements in exchange for defective parts for a period of one (1) year..." (MTD, Ex. A.)

Defendants cite to Hoey v. Sony Elecs., Inc., 515 F. Supp. 2d 1099, 1104 (N.D. Cal. 2007); Long v. Hewlett-Packard Co., No. C 06-02816 JW, 2007 WL 2994812 (N.D. Cal. July 27, 2007); and Ball v. Sony Elecs., Inc., No. 05-C-307-S, 2005 WL 2406145, at *3 (W.D. Wis. Sept. 28, 2005) to show that courts do not recognize such language as a guarantee that a product is "defect-free." (MTD at 20, n.9.)

Further, relying on Daugherty v. Am. Honda Motor Co., 144 Cal. App. 4th 824, 833–39 (2006), Defendants claim that they are not liable for defects that do not manifest within the warranty period. (MTD at 11, 20.)

---

[3] See also Harmonix, 2009 WL 2031765, at *2, n.4 ("Whether absent class members have standing to sue under California Consumer Protection Laws is better addressed in connection with class certification.")

In opposition, Plaintiffs cite Hewlett-Packard Co. v. Super. Ct., 167 Cal. App. 4th 87, 95 (2008); Hicks v. Kaufman & Broad Home Corp., 89 Cal. App 4th 908, 922 (2001); and Anthony v. Gen. Motors Corp., 33 Cal. App. 3d 699, 702 (1973) to support their argument that California courts do recognize breach of warranty claims even where the defect does not manifest until after the warranty period has expired. (*Opp.* at 18.) Although Defendants do an admirable job challenging the applicability of these cases, the Court agrees that Plaintiffs have illustrated a claim for breach of express warranty.

The conflicting holdings of Daugherty and Hicks have been harmonized by Long v. Hewlett-Packard Co., 2009 WL 530082 at *1 (9th Cir. March 3, 2009) ("Long II") as follows:

> Under California law, time limits in express warranties are effective at limiting the coverage of the warranty to defects that manifest themselves during the specified time period. Daugherty, 144 Cal.App.4th at 830–32. ...[T]here may be an exception to this general rule for products that are truly "substantially likely to fail" during their useful lives [under] Hicks, 89 Cal.App.4th at 923 ....

In Long II, the court did not apply the Hicks exception to plaintiffs whose laptops malfunctioned after the express warranty period because the plaintiffs failed to allege that all laptops in the class were substantially likely to fail (instead they simply alleged that their own laptops did fail). Long II, 2009 WL 530082, at *1.

Unlike the plaintiffs in Long II, Plaintiffs have alleged that all of the products involved in the action were substantially likely to fail. (CC ¶¶ 3, 67.) Plaintiffs have also alleged that Defendants made statements about the televisions' useful life, advising purchasers through their user manuals about how "[t]o enjoy your TV for years to come...." (CC ¶ 63.)

As such, under the applicable legal standards, the Court believes that Plaintiffs have sufficiently alleged that the defect was substantially certain to manifest within the televisions' useful lives, putting this case within the Hicks exception.

Accordingly, Defendants' motion to dismiss the seventh cause of action is **DENIED**.

### 6. Plaintiffs' Eighth Cause of Action - Breach of Implied Warranty

Similar to their breach of express warranty claim, Plaintiffs allege that Defendants breached their implied warranties because the televisions were allegedly defective at the point of sale, even though the defect did not manifest until after the warranties had expired. (CC ¶¶ 177–184.) Plaintiffs assert that Defendants breached both the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. (CC ¶¶ 181, 182.)

In their motion to dismiss, Defendants first point out that both implied warranties are expressly disclaimed upon expiration of the express warranty. (*See MTD*, Ex. A.) Defendants then argue that Plaintiffs' claims must fail because the defect occurred outside of the warranty period and because Plaintiffs lack the privity required for an implied warranty claim. (*MTD* at 20–21.) The Court agrees that Plaintiffs have failed to plead privity.

Defendants contend that vertical privity is required for a breach of implied warranty claim (*MTD* at 21; *Reply* at 8; citing Arabian v. Sony Elecs., Inc., Case No. 05-CV-1741 WQH (NLS) 2007 WL 627977 at *10 (S.D. Cal. 2007) (recognizing that "California has a vertical privity requirement" for implied warranty claims).

In contrast, Plaintiffs contend that the Song-Beverly Act abolished the privity requirement. (*Opp.* at 22–23.) Plaintiffs may be correct. See Gusse v. Damon Corp., 470 F.Supp.2d 1110, 1116 n.9 (C.D. Cal. 2007). However, as discussed *infra*, Plaintiffs have not adequately pled that the Song-Beverly Act applies to this case. Accordingly, the Court believes the privity requirement is relevant to the present inquiry.

Plaintiffs argue that Sony is one of the largest internet retailers, suggesting that privity may be established for some class members through internet sales. (Id. at 22.) However, in order to survive a motion to dismiss, Plaintiffs must state the requirements for all named class members. And the Consolidated Complaint is void of any allegation

that the named Plaintiffs purchased any of the defective televisions directly from Defendants.

Because Plaintiffs have failed to plead vertical privity, their claim for breach of the implied warranty of merchantability and the implied warranty of fitness for a particular purpose is insufficient.

Accordingly, Defendants' motion to dismiss the eighth cause of action is **GRANTED** with leave to amend.

### 7.  Plaintiffs' Sixth Cause of Action - Magnuson-Moss Act

Plaintiffs allege that by breaching the express and implied warranties, Defendants have violated the Magnuson-Moss Warranty Act ("Magnuson-Moss") under 15 U.S.C. §2301 et. seq. (CC ¶¶ 162–166.)  In their motion, Defendants argue that Plaintiffs Magnuson-Moss claim should be dismissed for two reasons.

First, Defendants argue that Plaintiffs have not fulfilled their obligation to state a breach of warranty claim as required under the Act. (*MTD* at 22.)   However, as discussed *infra*, the Court has concluded that Plaintiffs have stated a claim for breach of express warranty.  Thus, Defendants' first argument lacks effect.

Second, however, Defendants point out that the Magnuson-Moss Act requires a minimum of one hundred named plaintiffs for class actions brought under the Act. 15 U.S.C. §2310(d)(3)(C). (*MTD* at 22–23.)  The Consolidated Complaint only has forty-five named plaintiffs. (CC ¶¶ 4–49.)

In opposition, Plaintiffs contend that the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d) ("CAFA") expands the jurisdiction of federal courts to adjudicate class action claims, including this Magnuson-Moss claim. (*Opp.* at 23.)

CAFA did expand federal court jurisdiction over class actions. See 28 U.S.C. §1332(d).  And some federal courts have exercised jurisdiction over Magnuson-Moss claims that otherwise had failed to meet the requirements of 15 U.S.C. §2310(d).  But

it appears that those courts were only willing to do so in regards to the amount in controversy and the diversity of the parties. See Chavis v. Fidelity Warranty Services, Inc., 415 F.Supp.2d 620, 624 n.3 (D.S.C. 2006).

Plaintiffs have failed to provide—and the Court has been unable to find—a case in the Ninth Circuit in which a court waived the statutorily required number of named plaintiffs in an effort to exercise jurisdiction over a Magnuson-Moss claim. Without a more substantial legal basis, this Court is unwilling to do so.

Therefore, because Plaintiffs have failed to plead the minimum number of named plaintiffs to satisfy a Magnuson-Moss claim, the Court **GRANTS** Defendants' motion to dismiss, with leave to amend.

## C.     Plaintiffs' Motion to Consolidate Case No. 09-CV-2703-W-WVG

Plaintiffs have moved to consolidate the related case, Mayer v. Sony Corp. of America, Inc., et al., Case No. 09-CV-2703-W-WVG, with the previously-consolidated cases pursuant to Federal Rule of Civil Procedure 42(a). Defendants do not oppose consolidation. (Doc. No. 39.)

Good cause appearing, the Court **GRANTS** the motion. (Doc. No. 38.) In accordance with Defendants' request, the title of the action shall be "*In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV Television Litigation*". All further pleadings shall continue to be filed only under Case No. 08-CV-2276. (See Doc. No. 25.)

## D.     Plaintiffs' Motion to Appoint Interim Counsel

Plaintiffs have also requested that the Court appoint Milberg LLP and LAX LLP as Co-Lead Counsel, Lange & Koncius as Interim Liaison Counsel, and Baron & Herskowitz and Carey & Danis as members of the Interim Executive Committee. (Doc. No. 38 at 5–10.) Defendants have not opposed Plaintiffs' request.

Instead, they simply ask that Section V.G. of the proposed order be modified so that Defendants may rely upon agreements made with either of the Co-Lead class counsel, and that such agreements would be binding on all plaintiffs and all plaintiffs' counsel. (Doc. No. 39 at 2.) Plaintiffs have not objected to the change proposed by Defendants.

Good cause appearing, the Court **GRANTS** Plaintiffs' motion to appoint counsel, with Defendants' request incorporated therein. (Doc. No. 38.) Plaintiffs' counsel should contact chambers to coordinate the submission of the revised proposed order.

### III. CONCLUSION

In light of the foregoing, the Court:

1. **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants' motion to dismiss. Specifically, the seventh cause of action is not dismissed. Plaintiffs' first, second, third, fourth, fifth, sixth, and eighth causes of action are dismissed **WITH LEAVE TO AMEND**. (Doc. No. 27.) Should Plaintiffs choose to amend, they must file their First Amended Consolidated Complaint ("FACC") **on or before August 30, 2010**. Defendants shall have **20 days** from the filing of the FACC in which to respond.

2. **GRANTS** Plaintiffs' motion to consolidate. (Doc. No. 38.) Specifically, the Court orders that Mayer v. Sony Corp. of America, Inc., et al., Case No. 09-CV-2703-W-WVG shall be consolidated for all further matters with Smart, et al. v. Sony Corp. of America, Inc., et al., Case No. 08-CV-2276 W NLS, Bolton, et al. v. Sony Corp. of America, Inc., et al. Case No. 09-CV-0620 W NLS, and Bashore, et al. v. Sony Corp. of America, Inc., et al. Case No. 09-CV-0736 W NLS.

    The title of the consolidated action shall be "*In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV Television Litigation*". All further pleadings shall continue to be filed only under Case No. 08-CV-2276, unless a specific filing states that it is directed at less than all of the parties.

3. **GRANTS** Plaintiffs' motion to appoint counsel. Plaintiffs' counsel should contact chambers to coordinate the submission of the revised proposed order so that the appointments may be accurately reflected on the docket.

**IT IS SO ORDERED.**

Dated: August 6, 2010

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California